UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

ISMAIL IBRAHIM YASSIN,                                              Petitioner,

v.                                                      Civil Action No. 4:26-cv-218-DJH

MARKWAYNE MULLIN, Secretary,
Department of Homeland Security et al.,                            Respondents.

* * * * *

### MEMORANDUM AND ORDER

Petitioner Ismail Ibrahim Yassin, a noncitizen resident of New York currently detained in the Western District of Kentucky, seeks a writ of habeas corpus following an order of removal. He alleges that his detention by immigration authorities violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. (Docket No. 1) The parties agreed to forgo a show-cause hearing given the absence of a material factual dispute (*see* D.N. 4), and they have submitted briefing setting out their respective legal arguments (D.N. 6; D.N. 7). After careful consideration, the Court will deny Yassin's petition for the reasons explained below.

**I.**

Yassin is a native and citizen of Sudan. (D.N. 1, PageID.1 ¶ 1; D.N. 6-1, PageID.332) He entered the United States without inspection on June 12, 2024, and was detained by immigration authorities. (D.N. 6-2, PageID.335; *see* D.N. 6-1, PageID.333–34) On June 13, 2024, Yassin was placed in removal proceedings via a Notice to Appear, which designated him as "an alien present in the United States who has not been admitted or paroled." (D.N. 6-2, PageID.335) During the removal proceedings, Yassin applied for asylum, withholding of removal to Sudan, and protection under the Convention Against Torture "due to severe persecution [in Sudan] on account of his

1

Zaghawa ethnicity and imputed political opinion." (D.N. 1, PageID.1 ¶ 1; *see* D.N. 1-2, PageID.19–41 (asylum application); D.N. 1-3, PageID.42–271 (memorandum in support of application for asylum and withholding of removal))

Yassin also requested a bond redetermination pursuant to 8 U.S.C. § 1226.[1] (*See* D.N. 1-5, PageID.278–314) On March 16, 2026, an immigration judge denied bond on the ground that he lacked jurisdiction. (*See* D.N. 1-6, PageID.317) On March 31, 2026, the immigration judge issued a written summary of his March 18, 2026 oral decision in which he denied asylum and granted withholding of removal, but nevertheless ordered that Yassin be removed to Sudan. (*See* D.N. 1-4, PageID.274–76) The Department of Homeland Security initially reserved appeal of that decision to the Board of Immigration Appeals (BIA) (*see id.*, PageID.277) but waived appeal on April 9, 2026. (*See* D.N. 6-3, PageID.339) Yassin remains detained at the Hopkins County Jail in Madisonville, Kentucky. (D.N. 1-1, PageID.18)

Yassin seeks a writ of habeas corpus against Hopkins County Jailer Mike Lewis, the Chicago U.S. Immigration and Customs Enforcement (ICE) Field Office Director, the Department of Homeland Security Secretary, and the U.S. Attorney General. (*See* D.N. 1, PageID.5–6 ¶¶ 14–17) Yassin alleges that his detention violates the Immigration and Nationality Act, 8 U.S.C. §§ 1225–1226, 1231; and due process under the Fifth Amendment. (*See id.*, PageID.12–15 ¶¶ 40–56) Yassin asks the Court to order his immediate release or, in the alternative, a bond hearing. (*See id.*, PageID.16) Respondents argue that (1) Yassin is properly detained under 8 U.S.C. § 1231

---

[1] For individuals arrested under § 1226(a), an immigration officer makes an initial custody determination; the noncitizen may then request a custody redetermination (via a bond hearing) before an immigration judge. *Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920, at *5 (W.D. Ky. Nov. 4, 2025) (citations omitted).

due to the order of removal and (2) his detention does not violate due process under that provision.[2]

(*See* D.N. 6, PageID.328–31)

## II.

Yassin asserts that his "ongoing detention—despite the grant of withholding [of removal] and the absence of a viable removal destination—exceeds the permissible bounds of section 1231." (D.N. 1, PageID.12 ¶ 42)  He further alleges that he "has never received a meaningful, individualized custody [re]determination" in violation of § 1226(a).  (*Id.*, PageID.13 ¶ 48) Respondents maintain that § 1231 requires Yassin's detention because his removal order is administratively final.  (*See* D.N. 6, PageID.328–29)

Section 1231 states that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')."  8 U.S.C. § 1231(a)(1)(A).  And

> [t]he removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

§ 1231(a)(1)(B).  "During the removal period, the Attorney General shall detain the alien." § 1231(a)(2)(A).  Thus, detention during the removal period is mandatory.  *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing § 1231(a)(2)).

---

[2] Respondents do not contest that the Court has jurisdiction to review Yassin's petition (*see generally* D.N. 6). *See Lopez v. Olson*, 815 F. Supp. 3d 576, 580 (W.D. Ky. 2025) ("Section 2241 [of title 28] confers jurisdiction [on district courts] to hear habeas corpus challenges to the legality of a noncitizen's detention." (citing *Rasul v. Bush*, 542 U.S. 466, 483–84 (2004))).  Nor do Respondents argue whether Yassin must exhaust administrative remedies.  (*See generally* D.N. 6) Therefore, the Court will not address these issues.

3

The record reflects that Yassin's removal order became administratively final on April 9, 2026, when the Department of Homeland Security waived appeal to the BIA (*see* D.N. 6-3, PageID.339). *See Ako v. Holder*, 477 F. App'x 346, 348 (6th Cir. 2012) (per curiam) (explaining that "an order of removal entered by an [immigration judge] 'becomes final upon waiver of appeal [to the BIA] or upon expiration of the time to appeal if no appeal is taken'" (second alteration in original) (quoting 8 C.F.R. § 1003.39)). The removal period here thus began on April 9, 2026. *See* § 1231(a)(1)(B)(i). Accordingly, Yassin is mandatorily detained within the ninety-day removal period. *See id.*; *Johnson*, 594 U.S. at 528.

Yassin argues that "detention under 8 U.S.C. § 1231 beyond six months is presumptively unreasonable where there is no significant likelihood of removal in the reasonably foreseeable future." (D.N. 1, PageID.12 ¶ 42 (citing *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001))) But because Yassin is detained within the ninety-day removal period, his argument is inapposite at this time. Accordingly, the Court will deny Yassin's habeas petition without prejudice. *See Abuy v. Unknown Party*, No. 1:26-cv-1040, 2026 WL 1040474, at *2 (W.D. Mich. Apr. 16, 2026) (dismissing habeas petition without prejudice after concluding that petitioner "is presently within the 90-day removal period and is subject to mandatory detention under § 1231(a)(2)(A)"); *Singh v. Raycraft*, No. 1:26-cv-648, 2026 WL 799177, at *2 (W.D. Mich. Mar. 23, 2026) (same); *Abubakar v. Raycraft*, No. 1:26-cv-558, 2026 WL 614103, at *2 (W.D. Mich. Mar. 4, 2026) (same).

**III.**

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Yassin's petition for a writ of habeas corpus (D.N. 1) is **DENIED** without prejudice.

(2) This matter is **DISMISSED**, **STRICKEN** from the Court's docket, and **CLOSED**.

May 8, 2026

David J. Hale, Chief Judge
United States District Court

5